IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PATRICIA** and **BRYAN LAPPE**,

      Plaintiffs,

vs.                                No. **CIV 04-1363 MCA/ACT**

**CORRINE** and **ROBERT SZE**, and
**CALIFORNIA CASUALTY INSURANCE
COMPANY,**

      Defendants.

## ORDER OF REMAND

**THIS MATTER** comes before the Court on Plaintiff's *Motion to Remand* [Doc. No. 5] filed on January 10, 2005. Having reviewed the submissions of the parties, the relevant law, and otherwise being fully advised in the premises, the Court finds that this case does not satisfy the statutory requirements for subject-matter jurisdiction or the procedural requirements for timely removal and must be remanded to the First Judicial District Court for Santa Fe County, New Mexico.

On July 2, 2004, Plaintiffs filed a civil action in state court against Defendants Corrine and Robert Sze (Sze Defendants), and California Casualty Insurance Company (California Casualty). Plaintiff's *Complaint* asserts a claim for negligence arising from an automobile collision that occurred in Santa Fe, New Mexico, on July 9, 2001. The *Complaint* alleges that Plaintiffs and the Sze Defendants reside in New Mexico, and that Defendant California

Casualty is a foreign insurance company duly registered and licensed in the State of New Mexico, and doing business within the State as an insurer. [Compl. ¶¶ 1, 2, 3, 5, 7, 15.]

The Superintendent of Insurance accepted service on behalf of Defendant California Casualty on September 13, 2004, pursuant to N.M. Stat. Ann. §§ 59A-5-31 and 59A-5-32 (Michie 2004). [Ex. 1 to Doc. No. 5.] Defendant California Casualty filed an answer in state court on October 22, 2004. [Ex. 2 to Doc. No. 5.] In a letter dated October 26, 2004, defense counsel stated to Plaintiffs' counsel that the Sze Defendants no longer reside in Santa Fe, New Mexico, but that defense counsel "will accept service on the Sze's behalf provided that you have an alias summons issued and sent to us showing the Sze's current residence in Cambridge, Massachusetts." [Ex. 3 to Doc. No. 5.]

On December 6, 2004, all Defendants filed a *Petition for Removal* [Doc. No. 1] claiming that this Court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 and that they first ascertained that the case was removable on this basis when they received the alias summons dated November 4, 2004, that was referenced in defense counsel's letter of October 26, 2004. Plaintiffs then filed a *Motion to Remand* [Doc. No. 5] on January 10, 2005, claiming that diversity of citizenship was lacking and that Defendants' *Petition for Removal* was procedurally defective.

I first address Plaintiffs' assertion that subject-matter jurisdiction is lacking because there is not complete diversity of citizenship between all Plaintiffs and all Defendants. "[C]hallenges to subject-matter jurisdiction premised upon diversity of citizenship [are measured] against the state of facts that existed at the time of filing--whether the challenge

2

be brought shortly after filing, after the trial, or even for the first time on appeal." Grupo Dataflux v. Atlas Global Group, L.P., 124 S. Ct. 1920, 1924 (2004). Thus, "'the jurisdiction of the Court depends upon the state of things at the time of the action brought,'" and not upon the state of things at a later date, such as the date the Sze Defendants were served with the alias summons. Id. (quoting Mollan v. Torrance, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824)). The alias summons is not controlling for purposes of determining citizenship at the time the action was filed.

"The determination of diversity jurisdiction is generally made from the complaint." Bair v. Peck, 738 F. Supp. 1354, 1356 (D. Kan. 1990) (citing Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir.1972)). "When the allegations are challenged, the party asserting diversity jurisdiction has the burden of proving them by a preponderance of the evidence." Id. (citing Mid-Continent Pipe Line Co. v. Whiteley, 116 F.2d 871, 873 (10th Cir.1941)). Thus, as the parties petitioning for removal, it is Defendants' burden to prove that diversity of citizenship existed at the time Plaintiffs' *Complaint* was filed, as well as the time of removal. See Jerome Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999).

Defendants have not met this burden here because they have not shown that each of the Sze Defendants was domiciled in a state other than New Mexico at the time this action was filed on July 2, 2004. Assuming they are United States citizens rather than foreign nationals, these Defendants' citizenship for purposes of the diversity statute is determined by their domicile. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). "For

adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) (citing Texas v. Florida, 306 U.S. 398, 424 (1939)).

"It is often presumed a student attending an out-of-state university intends to return to his or her home state upon completion of studies." Bair, 738 F. Supp. at 1356. Similarly, "[a] presumption has been recognized favoring an established domicile over a newly acquired one," and "[u]nder the circumstances of a recent change in residence, courts have often looked to objective indicia of intent, such as the place of employment, driver's license, automobile registration, bank accounts, tax payments, location of personal property, and voting practices." Id. (citing Lew v. Moss, 797 F.2d 747, 750-51 (9th Cir.1986)). "Statements of intent are accorded minimal weight relative to these objective factors." Id. (citing Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 556 (5th Cir. 1985)).

In this case, I find that the Sze Defendants were domiciled in New Mexico at the time Plaintiffs' *Complaint* was filed, and I find that the statements in Defendant Corinne Sze's affidavit to the contrary are not credible in light of the objective indicia of intent submitted by the parties. In particular, I find that the Sze Defendants have owned, and continue to own, a residence in Santa Fe, New Mexico, since approximately 1976. [Ex. 5, 6 to Doc. No. 5.] These Defendants were issued New Mexico drivers' licenses on August 2, 2004, with a duration of eight years. [Ex. 7 to Doc. No. 5; Ex. 8 to Doc. No. 8.] Defendants admit in their response brief that Defendant Robert Sze is a retired physicist formerly employed at Los Alamos National Laboratory (LANL) in New Mexico. [Doc. No. 6, at 4.] Defendant Corinne

4

Sze's affidavit indicates that the couple continues to spend at least four to six weeks in New Mexico each year, even after Defendant Robert Sze began attending graduate school in the Fall of 2001 and the couple acquired a second residence in a condominium in Cambridge, Massachusetts. [Ex. 4 to Doc. No. 5; Sze Aff. to Doc. No. 6.]

Defendant Corinne Sze's affidavit contains no specific information about the couple's future plans after Defendant Robert Sze's completion of graduate school, and thus they have not rebutted the presumption that a student attending an out-of-state university intends to return to his or her home state upon completion of studies. See Bair, 738 F. Supp. at 1356-57. Further, defense counsel claim they were unaware of the Sze Defendants' Massachusetts address until approximately October 26, 2004, even though defense counsel also represent the insurer, Defendant California Casualty, and had filed an answer on this insurer's behalf on October 22, 2004. [Ex. 2, 3 to Doc. No. 5; Nelson Aff. to Doc. No. 6.] These facts are not consistent with an intent formed in July 2004 to reside in Massachusetts for the indefinite future. I need not reach the question of whether such intent was formed at a later date.

For these reasons, I conclude that there is not complete diversity between all Plaintiffs and all Defendants in this case, and this Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332. As a result, this action must be remanded to the First Judicial District Court for the County of Santa Fe, State of New Mexico pursuant to 28 U.S.C. § 1447(c).

Although the lack of subject-matter jurisdiction noted above may be raised at any time and does not depend on whether Defendants followed the proper procedure in removing this action, I also find, in the alternative, that Defendants' removal of this action was untimely.

Under 28 U.S.C. § 1446(b), the general rule is that a notice of removal must be filed within thirty days after a Defendant's receipt of Plaintiffs' initial pleading or service of summons. This requirement was not satisfied in this case because Plaintiffs' *Complaint* was served on Defendant California Casualty on September 13, 2004, and Defendants' *Petition for Removal* [Doc. No. 1] was not filed until December 6, 2004.

Defendants argue for an exception to this general rule based on the provision in 28 U.S.C. § 1446(b) pertaining to cases where the initial pleading is not removable. Under this provision, "notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. Here, Defendants claim that the alias summons which they requested from Plaintiffs after learning of the Sze Defendants' Massachusetts residence in late October 2004 constitutes an "other paper" from which they "first ascertained" that this case was removable. Defendants cite Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997), for the proposition that they are entitled to rely on the date of the alias summons despite their subjective knowledge of the Sze Defendants' Massachusetts address, which was conveyed in a letter to Plaintiffs' counsel prior to that date.

I conclude that Lovern is inapposite here. The removal of that case was premised on facts regarding the *plaintiff's* domicile which were not set forth in the initial pleading and which the defendant did not discover until receipt of a police report. See id. at 161. The Fourth Circuit did not reach the question of whether the thirty-day period for filing the notice

6

of removal was triggered by the defendant's receipt of the police report, or by the receipt of plaintiff's answers to interrogatories, which also revealed the pertinent facts regarding his domicile. See id. at 163. Rather, the Lovern court simply adopted a more general rule under which the defendant was entitled to rely on "the documents exchanged in the case by the parties," rather than mere speculation about the timing of the defendant's subjective knowledge of these facts. Id. at 162.

In the present case, Defendants' alleged reason for the delay in filing their *Petition for Removal* relies on the timing of defense counsel's discovery of facts concerning *their own clients'* residence in Massachusetts. Thus, this case is not one in which Defendants can claim ignorance based on a misstatement or concealment of facts by Plaintiffs concerning Plaintiffs' own voluntary actions. Rather, it is the actions of the Sze Defendants and their counsel, over which Plaintiffs have no control, which form the asserted basis for the delay in removal.

The Tenth Circuit has interpreted 28 U.S.C. § 1446(b) to mean that "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the *plaintiff*." Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1078 (10th Cir. 1999) (emphasis added). The Tenth Circuit also follows the majority rule under which the "other paper" referenced in 28 U.S.C. § 1446 need not be "receipt of an actual written document." Id. Thus, testimony elicited by defense counsel during a deposition may trigger the thirty-day deadline for removal, and "the removal period commences with the giving of the testimony, not the receipt of the transcript," because "the date of receipt of a transcript may . . . be subject to manipulation." Id.

The Tenth Circuit's reasoning in <u>Huffman</u>, 194 F.3d at 1078, supports my conclusion that defense counsel in this case should not be permitted to manipulate the date on which they are charged with notice of their own clients' Massachusetts residence by inducing Plaintiffs to serve an alias summons.  Rather, the date on which defense counsel actually knew of their clients' Massachusetts residence, as reflected in their letter to Plaintiffs' counsel on October 26, 2004, triggers the thirty-day deadline stated in 28 U.S.C. § 1446(b).  The fact that Defendants did not file their *Petition for Removal* [Doc. No. 1] until more than thirty days after this date provides an alternative basis for my conclusion that this action is not removable and must be remanded to the First Judicial District Court of the County of Santa Fe, State of New Mexico.

I do not find, however, that Defendants acted improperly in asserting their position regarding removal in this case.  In this regard, I recognize the time constraints under which Defendants must decide whether they have sufficient grounds for removal.  Therefore, the Court declines to award attorney fees or costs to Plaintiffs.  See <u>Daleske v. Fairfield Communities, Inc.</u>, 17 F.3d 321, 324-25 (10th Cir. 1994).

**IT IS, THEREFORE, ORDERED** that Plaintiffs' *Motion to Remand* [Doc. No.5] is **GRANTED.**

**IT IS FURTHER ORDERED** that this action be and hereby is remanded to the First Judicial District Court for the County of Santa Fe, State of New Mexico pursuant to 28 U.S.C. § 1447(c), each party to bear its own costs and attorney fees.

**SO ORDERED**, this 14th day of February, 2005, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge